UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOYCE SUNGYOON KIM,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>LOWELL CLEANERS INC., PETER K. SUNG, and HYON C. SUNG,<br><br>　　　　　　　Defendants. | Civil Case No. _____<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Joyce Sungyoon Kim ("Plaintiff" or "Kim"), by and through her attorneys, SONG LAW FIRM, LLC, and as for her Complaint against Defendants, Lowell Cleaners Inc. ("Lowell Cleaners") and Peter K. Sung and Hyon C. Sung (collectively, the "Defendants"), respectfully alleges as follows, upon knowledge as to herself and her conduct, and upon information and belief as to all other matters:

## PARTIES

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New Jersey Rev. Stat. Sec. 34:11-56a4 ("NJ Labor Law") for Defendants' failure to pay proper overtime wages to Plaintiff. During the course of her employment by Defendants, Plaintiff regularly worked over eight (8) hours per day and over forty (40) hours per week. Defendants did not pay her overtime wages properly. Plaintiff further alleges that Defendants' failure to pay overtime wages was willful and intentional.

2. The Plaintiff is as an individual over the age of 18 who at all relevant times hereto was an employee of Defendants.

3. Plaintiff was at all relevant times hereto residing in the State of New Jersey.

4. Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and NJ Labor Law, and the implementing rules and regulations of the FLSA and NJ Labor Law.

5. Plaintiff is filing this FLSA claim as an individual action for herself.

6. At all relevant times mentioned herein, Defendant Lowell Cleaners was and is, upon information and belief, a company incorporated in the State of New Jersey engaged in business within the State of New Jersey as a cleaners with its principal place of business located at 33 Riveredge Rd., Tenafly, New Jersey 07650.

7. At all relevant times mentioned herein, Defendants Peter K. Sung and Hyon C. Sung were and are individuals over the age of 18, who are the owner and principal of Defendant Lowell Cleaners.

8. For the period commencing on or about August 1, 2008 until September 1, 2021, Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of eight (8) hours per day and forty (40) hours per week.

9. Plaintiff worked on average 66 hours per week throughout her employment with the Defendants with a total of 26 hours of overtime per week on average.

10. During this period, Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

11. Plaintiff began to work at Defendant Lowell Cleaners on August 1, 2008. Defendants agreed to pay Ms. Lee $18.75 per hour. Her pay remained $18.75 per hour until August 31, 2011, and on September 1, 2011, got raised to $21.25 per hour. Since September 1, 2011, her pay remained $21.25 per hour until her employment terminated on September 1, 2021. These wages were paid straight, regardless of how many hours she worked.

12. Plaintiff performed work for Defendants the said hours worked as an expressed condition of her continued employment.

13. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

14. Plaintiff performed manual labor for Defendants.

15. Plaintiff was assigned to said manual labor by Defendants.

16. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

17. Plaintiff did not have to supply her own tools and equipment in connection with her work for Defendants.

18. Plaintiff was required to report to work for Defendants at a certain time.

19. Plaintiff could not set her own hours of work for Defendants.

20. Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

21. Defendants Peter K. Sung and Hyon C. Sung are and were at all relevant times hereto engaged in the business of a cleaners.

22. Defendant Lowell Cleaners is and was at all relevant times hereto engaged in interstate commerce.

23. Defendants Peter K. Sung and Hyon C. Sung managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

24. Defendants Peter K. Sung and Hyon C. Sung participated in and approved of the unlawful pay practices of the business Lowell Cleaners in Tenafly, New Jersey.

25. Defendants Peter K. Sung and Hyon C. Sung were involved in assigning work to Plaintiff.

26. Defendants Peter K. Sung and Hyon C. Sung had the power and authority to discipline Plaintiff.

27. Defendants Peter K. Sung and Hyon C. Sung exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

28. Defendants Peter K. Sung and Hyon C. Sung hired Plaintiff.

29. Defendants Peter K. Sung and Hyon C. Sung were in charge of paying employees.

30. Defendants Peter K. Sung and Hyon C. Sung told Plaintiff where to work and when to work.

31. Defendants employed Plaintiff to do work for them in the State of New Jersey.

32. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

33. Defendants provided the tools and equipment and materials for Plaintiff to do her job for Defendants.

34. Defendants held Plaintiff out as an employee.

35. Defendants employed and paid Plaintiff as their employee.

36. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. §203(d), and the NJ Labor Law.

37. No exemption from overtime wages applied to Plaintiff's employment with Defendants.

38. Defendants never obtained legal advice or counsel that their overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

39. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

40. No exemption from overtime applies or applied to Plaintiff when she worked or works more than 40 hours in a workweek for Defendants.

41. Defendants failed to pay Plaintiff overtime premium for all hours worked in excess of 40 hours per workweek.

42. Defendants failed to pay Plaintiff the proper hourly compensation for all hours worked.

43. Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

44. Defendant Lowell Cleaners is a New Jersey corporation and is an enterprise as defined in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. § 203(s)(1)(A).

45. Upon information and belief, Defendant Lowell Cleaners has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

46. Upon information and belief, Defendants, at all relevant times, were employers as defined by FLSA and NJ Labor Law.

47. Defendants Peter K. Sung and Hyon C. Sung are the owners of Defendant Lowell Cleaners.

## JURISDICTION AND VENUE

48. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C §1367.

## COUNT ONE
## VIOLATION OF FAIR LABOR STANDARDS ACT – OVERTIME WAGES

49. Plaintiff repeats and re-alleges each of the foregoing allegations as if fully set forth herein at length.

50. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and for their failure to pay overtime wages to Plaintiff and other similarly situated employees for all hours worked.

51. For the period commencing on or about August 1, 2008 until September 1, 2021, Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of eight (8) hours per day and forty (40) hours per week.

52. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular rate of pay.

53. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

54. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

55. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

**WHEREFORE,** Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week, which totals $549,880.50 throughout the relevant time period;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT TWO
## VIOLATION OF NJ LABOR LAW – OVERTIME WAGES

56. Plaintiff repeats and re-alleges each of the foregoing allegations as if fully set forth herein at length.

57. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

58. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the New Jersey Rev. Stat. Sec. 34:11-56a4.

59. New Jersey Rev. Stat. Sec. 34:11-56a4 requires covered employers, such as the Defendants, to pay non-exempt employees overtime at a rate of one and one-half times the employee's regular rate of pay in the manner and methods provided in and subject to certain exemptions.

60. The Defendants were and are covered employers.

61. The Plaintiff was not exempt from the requirement that the Defendants pay her overtime under NJ Labor Law and/or its regulations.

62. Pursuant to NJ Labor Law, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times the correct hourly rate of pay for hours worked in excess of forty (40) hours per week.

63. Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

64. Defendants violated New Jersey Labor Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

65. Defendants willfully violated the NJ Labor Law by refusing to compensate Plaintiff at one and one-half times the correct rate of pay for hours worked in excess of forty (40) hours per week.

66. The Defendants knowingly, willfully, and intentionally failed to pay overtime pay for hours worked in excess of forty (40) hours a week at a rate one and one-half times of the Plaintiff's regular hourly rate in violation of New Jersey Rev. Stat. Sec. 34:11-56a4.

67. Because of the Defendants' willful violation of NJ Labor Law, the Plaintiff suffered damages and is entitled to recover from the Defendants, jointly and severally, her unpaid overtime

compensation, , as well as reasonable attorneys' fees and costs of the action, including prejudgment interest.

68.     Because of Defendants' willful violations of the FLSA and NYLL, the Plaintiff suffered damages of at least $549,880.50 for unpaid overtime compensation.  Plaintiff is entitled to recover those damages for unpaid overtime and additional damages for other violations of NJ Labor Law, plus reasonable attorneys' fees and costs in this action.

**WHEREFORE,** Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week, which totals $549,880.50 during the relevant period;

B.  Liquidated damages in the amount of equal to 200% of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.


Dated: February 11, 2022
       Fort Lee, New Jersey

                              SONG LAW FIRM, LLC


                        BY:   */s/ Roy H. Mossi*_____
                              Roy H. Mossi, Esq.
                              *Attorneys for the Plaintiff*
                              400 Kelby Street, 19th Floor
                              Fort Lee, New Jersey 07024
                              Phone: (201) 461-0031
                              Fax:    (201) 461-0032
                              Email: rmossi@songlawfirm.com